Filed 12/09/24

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-04145

| Christopher Perry v. Dartmouth Hitchcock Health, Inc., et al |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Determine Sufficiency of Defendants' Answers to Requests for
Admissions (Motion: 7)
Filer:          Robert B. Hemley
Filed Date:     October 10, 2024

The motion is GRANTED IN PART and DENIED IN PART.

Plaintiff Christopher Perry seeks Court review for the sufficiency of Defendants' responses to Plaintiff's Request to Produce under V.R.C.P. 36. Under the Rule, a party who has requested the admissions "may move to determine the sufficiency of the answers or objections. Unless the Presiding Judge determines that the objection is justified, the judge shall order that an answer be served. If the judge determines that an answer does not comply with the requirements of this rule, the judge may order either that the matter is admitted or that an amended answer be served." V.R.C.P. 36(a).

The purpose of Rule 36 is to establish facts about which there is no real dispute to relieve "the parties from the expense and burden of proving genuinely undisputed facts at trial." *American Exp. Bank v. Pippin*, Dockt No. 753-11-07 Wrcv, 2009 WL 6557350, at *1 (May 22, 2009) (Eaton, J.) (citing 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2252).

In the present case, Plaintiff has brought forward seven different requests to admit, which Plaintiff claims were inadequately answered by Defendants. Each of these answers represents a different issue, and the Court will address them separately.

**Request to Admit #9:**

Plaintiff's request in this instance seeks a response from the Defendants to the statement that "***The medical records and the Audit Log do not reflect that Dr. Seigne reviewed the 4/29/21 CT scan until after the 1/12/22 CT Scan was performed.***"

Defendants' response is a denial because as they note in their opposition, Dr. Seigne did access the CT scan on May 4, 2021, and this is demonstrated in the Audit Log. Plaintiff in response suggests that this access was unsuccessful and did not indicate a successful review. Defendants counter that the system does not always indicate a review when it occurs, and the software, when examined closely, does demonstrate that Dr. Seigne was successfully able to access the image and conduct a review. Plaintiff, in its sur-reply, returns to the fact that the Audit Log does not, as he has phrased the question, show this review.

This kind of back and forth into the mechanics of the medical software goes beyond the scope of Rule 36. While both sides are moving toward relevant points, the issue is more complicated than a simple undisputed fact. The Audit Log may very well have a "review" function so that when a medical provider reviews a record, it is marked as such. It may very well be true that prior to January 12, 2022, Dr. Seigne did not mark Plaintiff's April 29, 2021 CT scan as reviewed. Yet, the import and meaning of this fact is undercut by the fact that the Audit Logs show Dr. Seigne accessed the record on May 4, 2021, and he can testify that he reviewed it at that time. This suggests two things: (1) the "review" function on the software is not the only way to review a record, and the lack of such may not be dispositive or even clear and (2) it is unknown if such an alternative process is consistent with hospital protocol and practice or represents a deviation.

For the purposes of the present motion the information demonstrates that the issue of whether software indicates Dr. Seigne "reviewed" the CT scan is not a simple and straightforward question. Defendants' answer is consistent with this nuance, and the Court finds that they are not obligated to supplement or alter their answer under Rule 36(a).

**Request to Admit # 12**

> ***Following his receipt of a summary from Mr. Perry on January 5, 2022, where he complained of stabbing pain in the left side of his scrotum, penis to his anus, perianal pain like an exposed nerve, an inability to sit, with no erections***

*since March 2021 and voiding issues since September 2021, Dr. Seigne ordered tumor marker testing and after that came back abnormal, he ordered the 1/12/22 CT scan.*

In this request, Plaintiff, through his language and framing, seeks to lay out what he understands to be both the timeline and the undisputed reason that Dr. Seigne ordered his January 12, 2022 CT scan. The question is both (1) a timing question, but also (2) a causation question. On this second point, Plaintiff appears to be contending that the order for the CT scan directly followed from and was implicitly a response to a summary that he gave to Dr. Seigne on January 5, 2022. In other words, Plaintiff's request contends through its language that the January 12th CT scan was ordered as a diagnostic to discover the source of his complaints, rather than a regularly scheduled CT scan that would have occurred without Plaintiff's summary.

Defendants' response to this question is insufficient. While the explanation points to prior scheduled CT scans and disputes the causative chain implied, the answer ignores the timing portion of the request. Instead, Defendants offer a blanket denial and cite to the record with reference to what appears to be a general, on-going plan to monitor Plaintiff's condition and take CT scans and BHCGs at "3, 6, 12, 18, 24, 26, 48, [and] 60 [months]." This may very well have been the plan, but Plaintiff's question was specifically framed to capture the timing. Did the order for the January 12th CT scan occur after the report of conditions? If this is the timing, as Defendants appear to admit in their filings, then there should be some recognition of this in the answer. While Defendants may choose to deny or qualify the implied causation portion of the question, there must be a response to the question of timing and whether the specific Order for the specific CT scan that occurred on the January 12th came after the January 5th report of symptoms from Plaintiff or not.

**Requests 43, 44, 45, and 46**

In his motion and in Defendants' reply the following Requests are grouped together:

*43.    A presacral mass can be seen on the 1/12/21 CT.*

*44.    A presacral mass can be seen on the 4/29/21 CT.*

*45.    A presacral mass can be seen on the 1/12/22 CT.*

*46.    The presacral mass that can be seen on the 1/11/12 CT, the 4/29/21 CT, and the 1/12/22 CT includes a malignant growth.*

In their response, Defendants deny Requests 43 and 44. They admit, in part, to Request 45, and they deny Request 46 based on its inclusion of the results of the April 29, 2021 CT scan (Request 44). The crux of this dispute does not lie in what the images show but what the images were understood to show at the time. Defendants point to Dr. Stephanie Yen's deposition testimony in response to Request 43. In that testimony, she indicated that she did not interpret the image to be a tumor but rather an asymmetrical part of Plaintiff's body. Whether this was or was not unreasonable is one of the disputed issues in this case, but Plaintiff's request is not a question of interpretation. It is whether the image taken on January 12, 2021 shows a presacral mass or not.

In other words, even if Dr. Yen believed at the time of her review that the mass was not a tumor, and even if that belief was reasonable, it now appears that the mass was a tumor. That is because the mass grew and was later diagnosed and treated as a tumor to what the Court understands to be a degree of medical certainty. The question, as Plaintiff has phrased it, is straightforward and reasonable. Based on Defendants' response there does not appear to be a dispute that the mass in the photographs is now known to be a presacral mass, consistent with their answer to Request 45. Defendants may certainly qualify their answer under Rule 36 to indicate that the determination is one that can only be made now and was not obvious at the time or without the benefit of later scans, but to the extent that the question asks if the scans show the presacral mass, then Defendants have an obligation to answer what the image shows. 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2260 ("A denial of a matter on which an admission has been requested must fairly meet the substance of the requested admission."). As such, their answers to Requests 43, 44, and 46 are insufficient in that they are not responsive to the specific questions of whether the images show the presacral mass. Defendants' answer to Request #45 is sufficient as it answers the question and provides appropriate qualification from the record as to the nature of the image.

## Request #51

The last request concerns whether Dr. Seigne "**expressed**" to Plaintiff on January 14, 2022, **"that 'in retrospect' he can see the mass on the January 11, 2021 CT."** The Court finds that Defendants' response is sufficient. This Request goes to a central part of the present dispute. While Rule 36 does not distinguish between ancillary and central facts, the Rule is not intended to lock down a party's testimony that is susceptible to modification and characterization and on which there was no reliance. 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2256.

In this case, Plaintiff is quoting from a clinical note that Dr. Seigne wrote on January 14, 2022.[1] But the question is not what the note states but what "Dr. Seigne *expressed* to Mr. Perry on January 14, 2022" (emphasis added). In this respect, Defendants may rely on Dr. Seigne's testimony that sought to qualify and explain what he expressed to Plaintiff. In that respect what Dr. Seigne wrote in the note may deviate from the actual conversation. In denying the Request, the Defendants cite to Dr. Seigne's testimony, and it is sufficient to answer the Request as framed and phrased.

## ORDER

Based on the foregoing, the Court finds that Defendants responses to Requests 9, 45, and 51 are sufficient and do not need to be re-visited or revised. Defendants' responses to 12, 43, 44, and 46, however, are insufficient and must be amended consistent with this order to provide answers to the questions poised. While Defendants may qualify their amended answers, each of the answers to Requests 12, 43, 44, and 46 have been found insufficient have failed to incorporate a meaningful response to the explicit question posited. Defendants shall provide their amended answers before the January 9, 2025 pre-trial conference in this matter, but the parties shall continue to be obligated to conduct an in-person conference under V.R.C.P. 26(h) to resolve any subsequent disputes before any further written motions can be made to the Court.

Electronically signed on 12/8/2024 3:19 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

---

[1] There is an admitted error in Plainitff's request in that it refers to the January 11, 2021 CT scans when Plaintiff meant the April 2021 scan, as Dr. Seigne note reads. While Defendants object to the entire interrogatory on this typo, the Court does not find this to be relevant to its analysis given that both sides were able to clearly communicate with each other and clear up the error.